UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY, | * * * | |
| Plaintiffs and Counterclaim-Defendants, | * * * * | |
| and | * * | |
| OMACHRON ALPHA INC. and OMACHRON INTELLECTUAL PROPERTY INC., | * * * * | Civil Action No. 23-cv-11277-ADB |
| Plaintiffs, | * * * | |
| v. | * * | |
| DYSON, INC. and DYSON TECHNOLOGY LIMITED, | * * * * | |
| Defendants and Counterclaim-Plaintiffs. | * * * * | |

**ORDER**

Dyson's Motion to Sever and Transfer Plaintiffs' Infringement Claims to the Northern District of Illinois, [ECF No. 48], is <u>GRANTED</u> in part and <u>DENIED</u> in part. In Count I, SharkNinja seeks a declaratory judgment that its FlexStyle haircare product does not infringe Dyson's Airwrap haircare product patent ("Haircare Claim"). See [ECF No. 42 ("Am. Compl.") ¶¶ 42–56; ECF No. 58 ("Second Am. Compl.") ¶¶ 46–60]. In Counts II–IX, SharkNinja and Omachron allege that Dyson's vacuum cleaners infringe patents owned by Omachron and exclusively licensed to SharkNinja ("Vacuum Cleaner Claims"). [Am. Compl. ¶¶ 57–151; Second Am. Compl. ¶¶ 61–155]. Dyson seeks to sever Counts II–IX. [ECF No. 48].

> "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." District courts have "broad latitude" to sever claims. "The decision to separate parties or claims is a case management determination peculiarly within the discretion of the trial court." In determining whether to sever claims, a court considers numerous factors, including:
>
>> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Depianti v. Jan-Pro Franchising Int'l, Inc., No. 08-cv-10663, 2016 WL 4771056, at *2 (D. Mass. Sept. 13, 2016) (first quoting Fed. R. Civ. P. 21; then quoting Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003); and then quoting Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co., No. 12-cv-11498, 2013 WL 1755200, at *4 (D. Mass. Apr. 24, 2013)).

The Court finds that severance is appropriate. SharkNinja and Omachron appear to concede that the Haircare Claim and the Vacuum Cleaner Claims do not arise from the same transaction or occurrence. See generally [ECF No. 57]. Although, as SharkNinja and Omachron assert, see [ECF No. 57 at 18–19], some witnesses and documentary evidence may overlap, it seems the majority will not. Further, given the different technologies, it does not appear likely that the claims will raise common questions of law or fact. Thus, it seems that keeping the claims together would make case management more complex without any corresponding benefit and that severing the Vacuum Cleaner and Haircare Claims now[1] will best serve the interest of judicial efficiency as well as avoiding unnecessary delays in pretrial proceedings and "the prejudice to the Plaintiff that is almost certain to occur by trying unrelated patent issues to a

---

[1] The Court notes that if it was not severing the Vacuum Cleaner Claims now, it would almost certainly do so prior to any trial.

jury." Samsung Elecs. Co. v. Nvidia Corp., No. 14-cv-00757, 2015 WL 13723075, at *1 (E.D. Va. May 19, 2015).  Dyson's motion to sever Counts II–IX is GRANTED.

Dyson also moves to transfer Counts II–IX to the Northern District of Illinois.  When considering a motion to transfer venue, courts consider both private and public interest factors, including "1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake." Momenta Pharms., Inc. v. Amphastar Pharms., Inc., 841 F.Supp.2d 514, 522 (D. Mass. 2012).

The Court finds that transfer here is not appropriate.  The decision to transfer a case under § 1404(a) lies within the discretion of the trial court but "there is a presumption in favor of the plaintiff's choice of forum and the defendant must bear the burden of proving that a transfer is warranted." Momenta Pharms., Inc., 841 F. Supp. 2d at 522.  Although "the weight to be accorded plaintiff's choice of forum varies with the circumstances of the case," Brant Point Corp. v. Poetzsch, 671 F.Supp. 2, 5 (D. Mass. 1987), where, as here, a plaintiff has selected its home forum, that choice is afforded great deference, Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255–56 (1981).  Further, although where "the operative events did not occur in the forum state, the plaintiff's choice of forum is accorded less weight," Fed. Ins. Co. v. XTRA Intermodal, Inc., No. 14-cv-14010, 2015 WL 4275181, at *4 (D. Mass. July 15, 2015) (citing Brant Point Corp., 671 F.Supp. at 5) (other citation omitted), operative events in this case may, in fact, have occurred in the forum state as SharkNinja, a Massachusetts company, is allegedly the exclusive licensee of Omachron's vacuum patents and the two companies seemingly developed technology here.  The other factors do not counsel in favor of disturbing plaintiff's choice of forum: both Massachusetts and the Northern District of Illinois appear to have a connection to and interest in

the litigation; Massachusetts may be more convenient for SharkNinja and its witnesses, but the Northern District of Illinois may be more convenient for Dyson and its witnesses; neither district is obviously more convenient for Omachron or non-parties; and federal patent law applies, regardless of the forum.  The Court therefore finds that Dyson has not shown that transfer is warranted and its motion to transfer Claims II–IX is <u>DENIED</u>.

For the foregoing reasons, Dyson's motion to sever Claims II–IX is <u>GRANTED</u> and its motion to transfer Claims II–IX is <u>DENIED</u>.  Claims II–IX are now severed and shall proceed in a new independent action before this Court.  The Clerk is directed to open a new matter, assigned to this session as a related case.  The Clerk shall terminate Omachron Alpha Inc. and Omachron Intellectual Property Inc. as parties to this action, Civil Action No. 23-cv-11277-ADB.

**SO ORDERED.**

October 13, 2023 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE