IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY OMACHRON ALPHA INC., and OMACHRON INTELLECTUAL PROPERTY INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> DYSON, INC. and DYSON TECHNOLOGY LIMITED, <br><br> *Defendants*. | Case No. 1:23-cv-12372-ADB <br><br> **JURY TRIAL DEMANDED** |
| DYSON, INC. and DYSON TECHNOLOGY LIMITED, <br><br> *Counterclaim Plaintiffs*, <br><br> v. <br><br> SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY, SHARKNINJA, INC., OMACHRON ALPHA INC., and OMACHRON INTELLECTUAL PROPERTY INC., <br><br> *Counterclaim Defendants*. | **REDACTED** |

**DYSON'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND THE CASE SCHEDULE**

**I.     INTRODUCTION**

On May 5, 2024, Dyson[1] timely filed its Answer to SO's[2] Second Amended Complaint. Dkt. 123. In its Answer, Dyson asserts three patents against Shark products—the Stratos and Vertex—that have been at issue in this case since Shark filed its Complaint and that Shark alleges compete with Dyson's accused products and are the basis for lost profits damages. Dyson's patent infringement claims thus involve overlapping technology, products, witnesses, and documents, among other overlapping factual and legal issues. They can and should be tried together.

Dyson thus proposes modest modifications to pretrial deadlines to the schedule to keep the current July 2025 trial date while accommodating its addition of these three floorcare patents. Dyson's proposal furthers judicial efficiency, complies with the deadlines set forth in this District's Rule 16.6 Patent Proceedings, and avoids prejudicing either party.

**II.    PROCEDURAL HISTORY**

Shark initiated this litigation by seeking declaratory judgement that its FlexStyle haircare product does not infringe a Dyson patent relating to Dyson's competing Airwrap™ haircare product, Dkt. 1, and later amended its Complaint to add eight unrelated parties and patents, which SO asserted against Dyson's hand-stick vacuum cleaners, Dkt. 42. After Dyson moved to dismiss SO's First Amended Complaint and to sever the floorcare claims from the haircare claims, Dkts. 45, 46, 48, 49, SO filed its Second Amended Complaint, Dkt. 58 (which Dyson has moved to dismiss, Dkts. 76, 77) and the Court severed those floorcare claims (the ones at issue in this case (23-cv-12372)) from the haircare claims (23-cv-11277), Dkt. 83.

---

[1]     "Dyson" refers to Defendants and Counterclaim Plaintiffs, Dyson, Inc. and Dyson Technology Limited.

[2]     "SO" refers to Shark (SharkNinja Operating LLC, SharkNinja Sales Company, and SharkNinja, Inc.), together with Omachron (Omachron Alpha, Inc. and Omachron Intellectual Property, Inc.).

On December 1, 2023, the Court entered the operative Scheduling Order, which includes the following relevant dates:

| Event | Date |
|---|---|
| Deadline for Filing Dispositive Motions (including *Daubert*) | Friday, February 14, 2025 |
| Deadline for Response to Dispositive Motions | Friday, April 11, 2025 |
| Deadline for Replies re: Dispositive Motions | Friday, May 9, 2025 |
| Pretrial Conference | On or about Monday, June 16, 2024, at the Court's convenience |
| Trial | On or about Monday, July 21, 2025, at the Court's convenience |

Dkts. 103, 104.

On May 5, 2024, Dyson filed its Answer to Plaintiffs' Second Amended Complaint, in which Dyson asserted three patents against the Shark Vertex/Stratos Cordless Stick Vacuums. Dkt. 123 at Counterclaim Count Nos. XXV, XXVI, XXVII.

Dyson's proposed amended schedule (attached as Exhibit 1) is set forth below:

| Event | Current Date | Proposed Date |
|---|---|---|
| Deadline for Counterclaim Defendants to Respond to Amended Counterclaims | Monday, July 15, 2024 | Monday, July 15, 2024 |
| Deadline for Dyson's Preliminary Patent-Related Disclosures Pursuant to Local Rule 16.6(d)(1) | | Thursday, July 18, 2024 |
| Deadline for Conference Concerning Preliminary Patent Disclosures Pursuant to Local Rule 16.6(d)(2) | | Thursday, August 1, 2024 |
| Deadline for SO's Preliminary Production of Technical Documents, Source Code, and Samples of Accused Products Pursuant to Local Rule 16.6(d)(4)(A-C) | | Thursday, August 15, 2024 |

| Event | Current Date | Proposed Date |
|---|---|---|
| Deadline for SO's Non-Infringement and Invalidity Claim Charts Pursuant to Local Rule 16.6(d)(4)(D-H) | | Thursday, August 22, 2024 |
| Deadline for Simultaneous Exchange of Claim Terms to Be Construed and Their Proposed Claim Constructions Pursuant to Local Rule 16.6(e)(1)(A) | | Thursday, August 29, 2024 |
| Deadline for Conference Concerning Claim Construction Pursuant to Local Rule 16.6(e)(1)(B) | | Thursday, September 5, 2024 |
| Deadline for Joint Statement of the Number of Claims and Terms to be Construed and Their Proposed Constructions Pursuant to Local Rule 16.6(e)(1)(D) | | Thursday, September 12, 2024 |
| Deadline for Simultaneous Exchange of Opening Claim Construction Briefs pursuant to Local Rule 16.6(e)(2) | | Thursday, September 19, 2024 |
| Deadline for Amending Pleadings and Joinder of Additional Parties Without Leave of Court | | Thursday, September 19, 2024 |
| Deadline for Simultaneous Exchange of Responsive Claim Construction Briefs pursuant to Local Rule 16.6(e)(4) | | Thursday, October 3, 2024 |
| Deadline to Submit Tutorials, if any, to the Court pursuant to Local Rule 16.6(e)(6) | 14 days before the claim construction hearing | 14 days before the claim construction hearing |
| Claim Construction Hearing | On or about Tuesday, July 16, 2024, at the Court's convenience | On or about Thursday, October 24, 2024, at the Court's convenience |
| Substantial Completion of Document Production | Friday, July 19, 2024 | Thursday, September 19, 2024 |

| Event | Current Date | Proposed Date |
|---|---|---|
| Fact Discovery Closes | Monday, September 23, 2024 | Tuesday, November 26, 2024 |
| Deadline to Serve Opening Expert Reports on Issues Where the Party Bears the Burden of Proof | Friday, October 25, 2024 | Thursday, December 19, 2024 |
| Deadline to Serve Rebuttal Expert Reports on Issues Where the Party Does Not Bear the Burden of Proof | Friday, November 22, 2024 | Thursday, January 23, 2025 |
| Expert Discovery Closes | Friday, December 20, 2024 | Friday, February 14, 2025 |
| Deadline for Filing Dispositive Motions (including *Daubert*) | Friday, February 14, 2025 | Friday, February 28, 2025 |
| Deadline for Response to Dispositive Motions | Friday, April 11, 2025 | Friday, April 11, 2025 |
| Deadline for Replies re: Dispositive Motions | Friday, May 9, 2025 | Friday, May 9, 2025 |
| Pretrial Conference | On or about Monday, June 16, 2025, at the Court's convenience | On or about Monday, June 16, 2025, at the Court's convenience |
| Trial | On or about Monday, July 21, 2025, at the Court's convenience | On or about Monday, July 21, 2025, at the Court's convenience |

While Dyson has proposed a single combined *Markman* hearing, should the Court prefer separate hearings, Dyson alternatively proposes that the current claim construction hearing date for SO's patents (on or about July 16, 2024) remain.

### III.   LEGAL STANDARD

A motion to amend a case schedule should be granted upon a showing a good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "is based on diligence and prejudice to the non-moving parties," and it "'focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party opponent.'" *Teva*

4

*Pharms. Int'l GmbH v. Eli Lilly & Co.*, No. 18-CV-12029-ADB, 2022 WL 104911, at *7 (D. Mass. Jan. 11, 2022) (granting motion to amend) (quoting *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013)).  Where the motion to amend is filed shortly after the event justifying the amendment, that "relatively brief delay" "is not evidence of a lack of diligence."  *Id.*

Where "a Defendant asserts patent infringement counterclaims in response to a Plaintiff's own patent infringement claims," courts "analyze whether the dueling patents and the alleged infringement thereof implicate *significantly* different issues," by assessing whether "the issue to be severed is so distinct and separable from … others [in the case] that a trial of that issue alone may proceed without injustice."  *RAI Strategic Holdings, Inc. v. Altria Client Servs. LLC*, No. 20-cv-00393, 2020 WL 6882646, at *3 (E.D. Va. Sept. 3, 2020) (emphasis in original, quotation marks and citations omitted) (denying motion to sever defendant's patent-infringement counterclaims).

**IV.   ARGUMENT**

There is good cause to amend the scheduling order.  Dyson has diligently brought this Motion, its proposed amended schedule does not prejudice SO, and it furthers judicial efficiency.

Dyson has been diligent.  On May 5, 2024, Dyson timely filed its Answer, raising three counterclaims of patent infringement claims within the deadline to amend pleadings.  Dkts. 123, 103, 104.  Immediately after, Dyson began meeting and conferring with SO regarding Dyson's patent-infringement counterclaims and Dyson's proposed Amended Schedule.  Ex. 1.  After these discussions failed to result in an agreement among the parties, Dyson diligently filed the present Motion.  As in *Teva*, where this Court granted a party's motion to amend the schedule where the timing between the event justifying amendment and the filing of the motion was "relatively brief," here, Dyson's timing does not demonstrate a lack of diligence.  2022 WL 104911, at *7.

Dyson's proposed schedule does not prejudice SO.  It allows SO's patent claims to proceed with no delay of final resolution, while also allowing Dyson's patent claims to proceed within the

5

timelines set forth in this District's Local Rule 16.6 Patent Proceedings—all without modifying the trial date. Ex. 1. Dyson's proposal allows both parties' patent claims—which involve overlapping factual and legal issues, technologies, documents, witnesses, and products—to be efficiently litigated and resolved together.

SO's recent statements to the Court confirm that there is no prejudice to SO. As SO told the Court in April, "this case is still in its early stages." Dkt. 115 at 1. SO is scheduled to answer or respond to Dyson's counterclaims on July 15, 2024. Dyson is prepared to serve its infringement contentions immediately thereafter, on July 18, 2024. From there, and in accordance with this District's Local Rules governing patent proceedings, invalidity contentions are scheduled for August 22, 2024. *See* Local Rule 16.6(d)(4)(D-H).

The parties need only a modest extension to fact discovery deadlines to accommodate discovery because the SO accused products and SO's development efforts for their accused features are already at issue in this case, and the parties have already been taking discovery on them. SO put the SO accused products at-issue in September when SO alleged in the operative Complaint that the SharkNinja Vertex and Stratos vacuum cleaners practice SO's asserted patents. Dkt. 58 ¶ 72. Since then, SO has continued to rely upon those products during discovery. SO identified the Vertex and Stratos products in response to Dyson's Interrogatory Nos. 2 and 4, regarding products SO contends practice SO's asserted patents, and SO responded to Dyson Interrogatory No. 3, regarding SO's damages theories, by stating that SO seeks lost profits damages, including based on "any erosion in prices [of SO's products]." Ex. 2 (SO's Interrog. Resps.). Further, SO has produced thousands of images and documents concerning the development of Shark products, including their surface cleaning heads and floor tools, which are the Stratos and Vertex products' accused features. *E.g.*, Exs. 3–8

6

SHARKNINJA_VAC_0017380–86; SHARKNINJA_VAC_0095564, SHARKNINJA_VAC_0013420, SHARKNINJA_VAC_0094960, SHARKNINJA_VAC_0095085, SHAKRNINJA_VAC_0095390.  In fact, many of the product-development documents SO has already produced show .  *E.g.*, Ex. 9 SHARKNINJA_VAC_0104584 ( "); Ex. 10 SHARKNINJA_VAC_0092716 at 719 ( ); Ex. 11 SHARKNINJA_VAC_0098956 at 963 ( ); *id.* at 989 ( ).

Dyson's schedule proposes a modest extension to expert discovery and the parties' opening dispositive motion briefs, but crucially, the Court's trial date, pre-trial conference date, and deadlines for dispositive motion responses and replies do not change.  As other Courts have recognized, the fact that "no continuance of the trial date will be required" under a party's proposed amended schedule "cuts in favor of granting the motion for leave to amend." *Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 5916627, at *5 (E.D. Tex. Oct. 11, 2016) (finding defendant had shown good cause to modify the scheduling order and granting defendant's motion for leave to amend).  And as SO told the Court in September, "there is no prejudice from minor modifications to interim deadlines that do not affect the overall time to case resolution," particularly as Dyson's proposed schedule "will have no impact on the time to

7

summary judgment or trial on [SO's] infringement claim or otherwise prejudice [SO's] ability to obtain relief awarded by the Court (if any)." Dkt. 62 at 7.

Dyson's proposed schedule furthers judicial efficiency. The factual and legal issues involved in SO's and Dyson's floorcare patents overlap significantly. As mentioned, prior to Dyson filing its patent counterclaims, SO had already put the two accused Shark products, the Vertex and Stratos, at issue by contending that they practice SO's asserted '407 Patent and by using them as a basis to seek pre-suit and lost-profits damages. Ex. 2 (SO's Interrog. Resps.) at Nos. 2–4; Dkt. 58 ¶ 72. Further, both sets of patents and products were developed, filed, issued, and released at similar times: SO's accused products were first released from 2021-2022, Ex. 2 (SO's Interrog. Resps.) at No. 2, which overlaps with the 2016-2023 range for Dyson's accused products, Ex. 12 (Dyson's Interrog. Resps.) at No. 5, and Dyson's asserted patents were filed between 2012 and 2014 and issued between 2015 and 2020, which overlaps with SO's asserted patents, which were filed between 2006 and 2016 and issued between 2013 and 2022. And, of course, the technology at issue overlaps as well: both sets of patents claim vacuum cleaner technology, and both sets of accused products are vacuum cleaners.

SO's and Dyson's floorcare patents have overlapping witnesses and documents. As SO previously told the Court, several of its "key witnesses" are relevant to SO's floorcare product development efforts. Dkt. 57 at 3–5. This includes Anthony Marra—a "lead witness" for SO who "has responsibility for all Shark vacuum products, including the products that directly compete with the Dyson products accused of infringement, and those that use the technologies described in the SharkNinja Asserted Patents" (i.e., the accused Shark products); Ross Richardson, Shark's Chief Design Officer with "overall responsibility for the design and engineering of … Shark® vacuum products"; Neil Shah, Shark's Chief Commercial Officer who "is responsible for sales

and marketing of … the Shark® vacuum business"; Adam Quigley, a Shark Senior Vice President, whose "responsibilities include finances for … the Shark® vacuum business" and who "is expected to be SharkNinja's witness for finances"; and Danielle Lessing, another Shark Senior Vice President, who is "responsible for product development for SharkNinja's cordless vacuums." *Id.* SO has also identified "numerous [Shark] witnesses focused on the vacuum business who have had key roles in the development of Shark® vacuum products, collaboration with Omachron …, and integration of that [Omachron] technology into SharkNinja's vacuum products," including "Julien Levesque (VP, Global Product), Richard Mathias (Global VP, Engineering), John Freese (VP, Advanced Development Engineering), David Jalbert (VP, Innovation), [] Paul Grandstrand (Assistant General Manager, International)," and "Jason Thorne, formerly the Head of Engineering for Shark® products during the development of relevant SharkNinja vacuum products." *Id.* SO has already listed each of these individuals as potential witnesses on its initial disclosures. *Id.*

Shark's alleged "frequent in-person collaboration" with co-Plaintiff and Counterclaim Defendant Omachron further demonstrates the factual overlap between SO's and Dyson's patent claims. Shark claims to have "developed" "many commercially successful vacuums"—including the Vertex and Stratos product lines—"in conjunction with its research partner," Omachron. *Id.* at 3. According to SO, "[f]or over a decade, the development of SharkNinja's vacuums has been––and continues to be—a joint effort between Omachron and SharkNinja," and therefore "[s]everal … [Omachron] individuals, including Wayne Conrad, David Peterson, and Nicole Murphy have been instrumental in developing SharkNinja vacuum products." *Id.* at 6–7. Indeed, SO has already produced thousands of documents and images purportedly relating to the research and development of Shark floorcare products.

9

In severing the floorcare and haircare claims, the Court avoided "mak[ing] case management more complex without any corresponding benefit" and further avoided "unnecessary delays in pretrial proceedings and 'the prejudice to the Plaintiff that is almost certain to occur by trying unrelated patent issues to a jury,'" all because the floorcare and the haircare claims "d[id] not arise from the same transaction or occurrence," creating little to now "overlap" in "witnesses and documentary evidence." Dkt. 83 at 2–3 (quoting *Samsung Elecs. Co. v. Nvidia Corp.*, No. 14-cv-00757, 2015 WL 13723075, at *1 (E.D. Va. May 19, 2015)). But given the substantial overlap in factual and legal issues between SO's and Dyson's floorcare patent claims, judicial economy is furthered by litigating and resolving these overlapping claims together, with a singular trial on the Court's previously ordered trial date.

## V. CONCLUSION

Dyson respectfully requests that the Court grant its Motion to amend the case schedule.

| | |
|---|---|
| DATED: June 14, 2024 | Respectfully submitted, |
| | */s/ Jay Emerick* |
| | Kristina R. Cary (BBO #688759) |
| | **KIRKLAND & ELLIS LLP** |
| | 200 Clarendon Street |
| | Boston, MA 02116 |
| | Tel: 617-385-7500 |
| | Fax: 617-385-7501 |
| | kristina.cary@kirkland.com |
| | |
| | Bryan S. Hales, P.C. |
| | Jay Emerick |
| | Adam Janes |
| | **KIRKLAND & ELLIS LLP** |
| | 333 West Wolf Point Plaza |
| | Chicago, IL 60654 |
| | Tel: 312.862.2000 |
| | Fax: 312.862.2200 |
| | bhales@kirkland.com |
| | jay.emerick@kirkland.com |
| | adam.janes@kirkland.com |

10

*Attorneys for Defendants and Counterclaim Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

      The undersigned certifies that on this 14th day of June, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email. Any other counsel of record will be served by first class mail.

*/s/ Jay Emerick*
Jay Emerick
