# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Jay Emerick
To Call Writer Directly:
+1 312 862 3772
jay.emerick@kirkland.com

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

August 9, 2024

Re: *SharkNinja Operating LLC, et al. v. Dyson, Inc. et al.*, Case No. 1:23-cv-12372-ADB

Dear Judge Burroughs:

SO couches its letter brief to the Court (Dkt. 165) as a request for a status conference, but re-argues fully briefed motions and seeks to prevent Dyson from taking necessary discovery. It shows why Dyson's motion for a short extension (Dkts. 134–35) should be granted and why SO's motion to sever Dyson's timely filed patent claims concerning already-at-issue products should be denied (*see* Dkt. 140, Dyson's Opp.).

SO's letter shows that the Court should grant Dyson's motion to amend the schedule. SO admits there is a "lack of time in discovery to address Dyson's counterclaims" under the current schedule. Dkt. 165 at 1. This is why Dyson has moved to amend: Dyson's proposed modest modifications to pretrial deadlines keep the current July 2025 trial date while accommodating Dyson's three floorcare patent claims in a way that complies with the deadlines set forth in this District's Rule 16.6 Patent Proceedings, avoids prejudicing either party, and furthers judicial economy. *See* Dkt. 135.

SO characterizes Dyson's patent claims as "accus[ing] entirely different vacuum cleaner **components** than those accused with respect to [SO's] claims" in an attempt to support severance, Dkt. 165 at 1 (emphasis added), but that is an artificial distinction. Dyson asserts three patents that claim vacuum "cleaner head[s]." *See* Dkt. 140 at 2. Three of SO's asserted patents likewise claim "a surface cleaning head" for a vacuum, and all eight of SO's asserted patents' specifications discuss surface cleaning heads. *Id.* at 4. In fact, Dyson's patent claims accuse the Shark Stratos and Vertex products of infringement, which are the Shark products that SO contends are patent-practicing, and which SO will presumably point to in its claim for lost profits damages against Dyson. Similarly, SO's patent claims accuse the Dyson V8, V10, and subsequent vacuum products of infringement, which are the products that Dyson will rely on for its lost-profits damages claims against SO. The claims have undeniable factual and legal overlap and should be litigated together. *See* Dkt. 140.

# KIRKLAND & ELLIS LLP

Hon. Allison D. Burroughs
August 9, 2024
Page 2

      Finally, SO attempts to preclude Dyson from obtaining discovery necessary to pursue its patent claims. Shortly after asserting these claims, Dyson served discovery requests seeking relevant information—notably, Dyson's requests largely mirrored discovery requests that SO had previously served relating to SO's patent claims. But while SO sought this information as a plaintiff, as a defendant SO now contends that Dyson is not entitled to the same information. SO argues against the reciprocal discovery because the parties negotiated certain discovery limits back when only SO's patent claims were at issue. Dkt. 165 at 1–2. But with Dyson's claims in the case, there can be no doubt that Dyson is entitled to this discovery, and Dyson's motion to amend the schedule, addressed above, provides **both** parties time to conduct fair discovery on their respective claims, not just SO.[1]

      Dyson's timely filed patent counterclaims have significant overlap with SO's patent claims and can be accommodated with a modest modification to the existing pretrial schedule. Dyson respectfully requests that the Court should deny SO's motion to sever and grant Dyson's motion to amend. Though Dyson does not believe that SO's requested status conference is necessary, if the Court believes a status conference would be helpful, Dyson is prepared to address each of these issues.

      Sincerely,

      */s/ Jay Emerick*

      Jay Emerick

---

[1] It must be noted that SO served discovery requests that exceed Court-ordered limits. For example, SO's current ESI search requests exceed the 10-term limit. *Compare* Ex. A (SO's ESI search requests) *with* Dkt. 107 (ESI protocol) at Section C.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 9th day of August, 2024, this document was filed through the CM/ECF system and a copy will be sent electronically to the registered participants as identified in the NEF.  Any other counsel of record will be served by first class mail.

/s/ Jay Emerick

Jay Emerick