# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY OMACHRON ALPHA INC., and OMACHRON INTELLECTUAL PROPERTY INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DYSON, INC. and DYSON TECHNOLOGY LIMITED, <br><br> *Defendants*. | Case No. 1:23-cv-12372-ADB <br><br> JURY TRIAL DEMANDED |
| DYSON, INC. and DYSON TECHNOLOGY LIMITED, <br><br> *Counterclaim Plaintiffs,.* <br><br> v. <br><br> SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY, OMACHRON ALPHA INC., and OMACHRON INTELLECTUAL PROPERTY INC., <br><br> *Counterclaim Defendants*. | |

## **NOTICE RE COURT'S ORDER (DKT. 168)**

Dyson submits this Notice to inform the Court that today Dyson amended its complaint in the co-pending action in the United States District Court for the Eastern District of Texas, *Dyson, Inc. v. SharkNinja, Inc.*, Civ. A. No. 2:24-CV-00386-JRG (E.D. Tex.), to add four patents, three of which are the patents that the Court severed from the instant litigation: U.S. Patent Nos. 9,021,655, 10,292,556, and 10,786,127. *See* Dkt. 168.

As the Court may recall from the briefing, in opposing SO's motion to sever, Dyson had argued that it made sense for these three patents to be litigated in this action. Dkt. 140. SO, on the other hand, argued in its motion to sever that it would be more efficient to litigate these three patents in the E.D. Texas case with the other patents Dyson had asserted. Specifically, SO urged that Dyson's separate suits in this Court and "in the Eastern District of Texas asserting different vacuum patents on the same accused products . . . has guaranteed duplicative proceedings," Dkt. 154 at 1, and that having two separate cases accusing the same products is a "waste of resources," *id.* at 7. Finally, SO said Dyson "could have included its infringement claims in its recently filed case in the Eastern District of Texas, which includes all of the SharkNinja products Dyson accuses here." Dkt. 129 at 11.

The Court ruled against Dyson on SO's motion to sever, which we acknowledge and respect. With the claims as to these three patents severed and not part of this case, Dyson agrees that a separate proceeding in this Court over these three patents would be duplicative of efforts in the pending E.D. Texas case. In other words, as between the case in this Court and the case in E.D. Texas, Dyson's view was that it made more sense to keep the three patents in this case. Having lost that, it makes more sense to proceed in the Texas case rather than a third, new case in this District.

Dyson's addition of these claims in Texas achieves this and addresses Shark's concerns regarding judicial economy and duplicative proceedings.[1] Because Dyson is asserting these

---

[1] Curiously, two business days after prevailing on its motion to sever these three patents from this case, and after Dyson informed SO that it would be adding these patents to its Texas case, SO filed an answer to Dyson's infringement claims and declaratory judgment claims of its own regarding these three patents—which it had not done before—in this case, from which they had been severed. While plainly illogical, the maneuver appears designed to bolster SO's just-filed effort to have Dyson's E.D. Texas case dismissed or transferred to this District. But that question is for the E.D. Texas court to decide, including as to the impact, if any, of SO's declaratory judgment claims in this case that SO filed well after Dyson filed the E.D. Texas case.

patents in its Texas litigation, Dyson respectfully submits that the Court's order directing Dyson "to open a new case related to this case" and directing the parties to "submit a joint proposed schedule for this new matter" are now moot. Dkt. 168.

| | |
|---|---|
| DATED: August 22, 2024 | Respectfully submitted, |
| | */s/ Jay Emerick* |
| | Kristina R. Cary (BBO #688759) |
| | **KIRKLAND & ELLIS LLP** |
| | 200 Clarendon Street |
| | Boston, MA 02116 |
| | Telephone: 617-385-7500 |
| | Facsimile: 617-385-7501 |
| | kristina.cary@kirkland.com |
| | |
| | Bryan S. Hales, P.C. |
| | Jay Emerick |
| | Adam Janes |
| | Christian Huehns |
| | **KIRKLAND & ELLIS LLP** |
| | 333 West Wolf Point Plaza |
| | Chicago, IL 60654 |
| | Telephone: 312-862-2000 |
| | Facsimile: 312-862-2200 |
| | bryan.hales@kirkland.com |
| | jay.emerick@kirkland.com |
| | adam.janes@kirkland.com |
| | christian.huehns@kirkland.com |
| | |
| | Caitlin Dean |
| | Matt Hershkowitz |
| | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | Telephone:  212-446-4800 |
| | Facsimile:  212-446-4900 |
| | caitlin.dean@kirkland.com |
| | matt.hershkowitz@kirkland.com |
| | |
| | *Attorneys for Defendants and Counterclaim Plaintiffs* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of August, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Jay Emerick*
Jay Emerick