IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY OMACHRON ALPHA INC., and OMACHRON INTELLECTUAL PROPERTY INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> DYSON, INC. and DYSON TECHNOLOGY LIMITED, <br><br> *Defendants.* | Case No. 1:23-cv-12372-ADB <br><br> JURY TRIAL DEMANDED |
| DYSON, INC. and DYSON TECHNOLOGY LIMITED, <br><br> *Counterclaim Plaintiffs,.* <br><br> v. <br><br> SHARKNINJA OPERATING LLC, SHARKNINJA SALES COMPANY, OMACHRON ALPHA INC., and OMACHRON INTELLECTUAL PROPERTY INC., <br><br> *Counterclaim Defendants.* | |

**THE PARTIES' PROPOSED SCHEDULE**

Pursuant to this Court's Order (ECF No. 168), Counterclaim Plaintiffs Dyson, Inc. and Dyson Technology Limited (collectively "Dyson" or "Counterclaim Plaintiffs") and Counterclaim Defendants SharkNinja Operating LLC, SharkNinja Sales Company, Omachron Alpha Inc., and Omachron Intellectual Property Inc. (collectively, "Counterclaim Defendants" or "SharkNinja-Omachron" or "SO") and (collectively, the "Parties"), by and through their undersigned counsel, submit the following statement concerning a case schedule in response to

1

the Court's Order (Dkt. 168).

**I.      Dyson's Statement**

Dyson respectfully submits that the Court's order for the parties to file a proposed schedule (Dkt. 168) is moot. Dyson informed the Court on August 22 that it amended its complaint in the co-pending action in the United States District Court for the Eastern District of Texas, *Dyson, Inc. v. SharkNinja, Inc.*, Civ. A. No. 2:24-CV-00386-JRG (E.D. Tex.), to add four patents, three of which are the patents that the Court severed from the instant litigation: U.S. Patent Nos. 9,021,655, 10,292,556, and 10,786,127. Dkt 168.

In opposing SO's motion to sever, Dyson had argued that it made sense for these three patents to be litigated in this action. Dkt. 140. SO, on the other hand, argued in its motion to sever that it would be more efficient to litigate these three patents in the E.D. Texas case with the other patents Dyson had asserted. Specifically, SO urged that Dyson's separate suits in this Court and "in the Eastern District of Texas asserting different vacuum patents on the same accused products . . . has guaranteed duplicative proceedings," Dkt. 154 at 1, and that having two separate cases accusing the same products is a "waste of resources," *id.* at 7. Finally, SO said Dyson "could have included its infringement claims in its recently filed case in the Eastern District of Texas, which includes all of the SharkNinja products Dyson accuses here." Dkt. 129 at 11.

The Court ruled against Dyson on SO's motion to sever, which Dyson acknowledges and respects. With the claims as to these three patents severed and not part of this case, Dyson agrees that a separate proceeding in this Court over these three patents would be duplicative of efforts in the pending E.D. Texas case. In other words, as between the case in this Court and the case in E.D. Texas, Dyson's view was that it made more sense to keep the three patents in this case. Having lost that, it makes more sense to proceed in the Texas case rather than a third, new case in this District. Accordingly, Dyson respectfully submits again that the Court's Orders directing Dyson

"to open a new case related to this case" and directing the parties to "submit a joint proposed schedule for this new matter" are rendered moot and Dyson does not join in SO's proposed scheduled herein.

Further, as described in Dyson's Motion to Strike SO's Answer and Counter-Counterclaims I-VI, Or In The Alternative For Reconsideration Of The Court's Orders (Dkt. 168), the Court should strike SO's Answer and Counterclaims. Dkts. 173, 174. SO's answer and declaratory judgment claims are inoperative because SO filed its Answer and Counter-Counterclaims in this case *after* the Court severed Dyson's infringement claims, and they violate the Court's Order severing those claims. Dkts. 168, 169. In addition, SO should be judicially estopped from re-injecting the claims into this case because it just successfully persuaded the Court to sever them. SO now seeks to undo the severance it sought and received. But if SO is permitted to re-inject into this case the very same patents it just successfully obtained severance on, then the Court should reconsider and reverse its Order (Dkt. 168) severing Dyson's patent infringement counterclaims and reverse its Order denying Dyson's motion to amend the schedule to accommodate these patents. Dkts. 173, 174.

SO's other accusations are baseless. SO accuses Dyson of forum shopping and violating the Court's severance order by bringing its claims in Texas, but *SO* argued in its motion to sever that it would be more efficient to litigate these three patents in the E.D. Texas case with the other patents Dyson had asserted, telling the Court that Dyson's separate suits in this Court and "in the Eastern District of Texas asserting different vacuum patents on the same accused products . . . has guaranteed duplicative proceedings," Dkt. 154 at 1, and that having two separate cases accusing the same products is a "waste of resources," *id.* at 7. SO also told the Court that Dyson "could have included its infringement claims in its recently filed case in the Eastern District of Texas, which

3

includes all of the SharkNinja products Dyson accuses here." Dkt. 129 at 11. SO, not Dyson, seeks to forum shop: when Shark sought severance, it told the Court that Dyson could have included these patents in Texas, but having won that motion now argues Dyson cannot.

## II.     SharkNinja-Omachron's Statement

Dyson has violated two separate Court orders:  first, despite the Court's Order that the severed counterclaims "shall proceed in a new independent action before this Court" and directing Dyson to "open a new case" regarding these counterclaims (ECF No. 168), Dyson has refused to open a new case and permit the new matter to proceed as ordered by the Court, stating that it considers the Court's order "moot."  ECF No. 170.  Second, in the same Order, the Court required the parties to "submit a joint proposed schedule for this new matter" (ECF No. 168), but as shown below, Dyson has refused to negotiate a proposed schedule for this new matter and instead seeks to impose the deadlines for the severed counterclaims into the instant proceeding. Dyson's violation of the Court's August 15, 2024 Order should be rejected.

Dyson filed its counterclaims in this jurisdiction, and those counterclaims should proceed here in the new matter as ordered by the Court.  The Court should reject Dyson's blatant attempt at forum shopping by permitting it to disregard its earlier filing and the Court's order and move these claims wholesale to the Eastern District of Texas.  As explained in SharkNinja-Omachron's response, this Court retains jurisdiction over Dyson's severed counterclaims, which are not (and cannot be) dismissed because SharkNinja-Omachron have filed their Answer and Counterclaims. *See* ECF 169.  During the parties' August 26, 2024 meet and confer, Dyson stated that it would be moving to strike SharkNinja-Omachron's Answer and Counterclaims because Dyson believes they were filed in violation of the Court's August 15, 2024 Order.  While SharkNinja-Omachron will more fully respond to Dyson's motion to strike according to the briefing schedule, contrary to Dyson's erroneous belief, SharkNinja-Omachron's Answer and Counterclaims were filed in

the above-captioned case because Dyson violated the Court's Order by failing to open a new case regarding the severed counterclaims. *See* ECF 168 (severing Dyson's counterclaims and ordering that they "shall proceed in a new independent action before this Court" and directing Dyson "to open a new case related to this case"). These claims should proceed in this District under a separate schedule, as the Court has ordered.

SharkNinja-Omachron respectfully requests that the Court order Dyson to comply with the Order of August 15, 2024 by opening a new case for its severed claims or otherwise direct the Clerk of the Court to open a new matter, assigned as a relate case, in view of Dyson's refusal to do so. SharkNinja-Omachron further requests that its proposed schedule for the severed infringement counterclaims, set forth below, be adopted in that new matter.

### A. SHARKNINJA-OMACHRON'S PROPOSED SCHEDULE

| Event | Proposed Date |
|---|---|
| Parties Submit Proposed Protective Order<br><br>Parties Submit Proposed ESI Discovery Protocol | Friday, September 6, 2024 |
| Deadline for Patentee's Preliminary Patent-Related Disclosures Pursuant to Local Rule 16.6(d)(1) | Friday, September 13, 2024 |
| Deadline for Conference Concerning Preliminary Patent Disclosures Pursuant to Local Rule 16.6(d)(2) | Wednesday, October 9, 2024 |
| Deadline for Accused Infringer's Preliminary Production of Technical Documents, Source Code, and Samples of Accused Products Pursuant to Local Rule 16.6(d)(4)(A-D) | Wednesday, October 30, 2024 |
| Deadline for Accused Infringer's Invalidity Claim Charts Pursuant to Local Rule 16.6(d)(4)(E) | Friday, December 13, 2024 |
| Deadline for Simultaneous Exchange of Claim Terms to Be Construed and Their Proposed Claim Constructions Pursuant to Local Rule 16.6(e)(1)(A) | Friday, January 10 2025 |

| Event | Proposed Date |
|---|---|
| Deadline for Conference Concerning Claim Construction Pursuant to Local Rule 16.6(e)(1)(B) | Friday, January 17, 2025 |
| Deadline for Joint Statement of the Number of Claims and Terms to be Construed and Their Proposed Constructions Pursuant to Local Rule 16.6(e)(1)(D) | Friday, January 24, 2025 |
| Deadline for Simultaneous Exchange of Opening Claim Construction Briefs pursuant to Local Rule 16.6(e)(2) | Friday, February 14, 2025 |
| Deadline for Amending Pleadings and Joinder of Additional Parties Without Leave of Court | Friday, February 14, 2025 |
| Deadline for Simultaneous Exchange of Responsive Claim Construction Briefs pursuant to Local Rule 16.6(e)(4) | Friday, March 28, 2025 |
| Deadline to Submit Tutorials, if any, to the Court pursuant to Local Rule 16.6(e)(6) | 14 days before the claim construction hearing |
| Claim Construction Hearing | On or about Tuesday, April 22, 2025, at the Court's convenience |
| Substantial Completion of Document Production | Friday, May 2, 2025 |
| Fact Discovery Closes | Friday, June 27, 2025 |
| Deadline to Serve Opening Expert Reports on Issues Where the Party Bears the Burden of Proof | Friday, July 25, 2025 |
| Deadline to Serve Rebuttal Expert Reports on Issues Where the Party Does Not Bear the Burden of Proof | Friday, August 29, 2025 |
| Expert Discovery Closes | Friday, September 26, 2025 |
| Deadline for Filing Dispositive Motions (including *Daubert*) | Friday, November 14, 2025 |
| Deadline for Response to Dispositive Motions | Friday, January 9, 2025 |
| Deadline for Replies re: Dispositive Motions | Friday, February 6, 2025 |
| Pretrial Conference | On or about Monday, March 16, 2026, at the Court's convenience |
| Trial | On or about Monday, April 20, 2026, at the Court's convenience |

| | |
|---|---|
| DATED: August 27, 2024 | DATED: August 27, 2024 |
| Respectfully submitted, | Respectfully submitted, |
| */s/ Jay Emerick* | */s/ Brian A. Rosenthal* |

Kristina R. Cary (BBO #688759)
**KIRKLAND & ELLIS LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: 617-385-7500
Facsimile: 617-385-7501
kristina.cary@kirkland.com

Bryan S. Hales, P.C.
Jay Emerick
Adam Janes
Christian Huehns
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200
bryan.hales@kirkland.com
jay.emerick@kirkland.com
adam.janes@kirkland.com
christian.huehns@kirkland.com

Caitlin Dean
Matt Hershkowitz
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone:  212-446-4800
Facsimile:  212-446-4900
caitlin.dean@kirkland.com
matt.hershkowitz@kirkland.com

*Attorneys for Defendants and Counterclaim Plaintiffs*

Joseph J. Mueller
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
joseph.mueller@wilmerhale.com

Todd C. Zubler (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
todd.zubler@wilmerhale.com

Omar A. Khan (*pro hac vice*) Jeffrey A. Dennhardt (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center 250
Greenwich Street
New York, New York 10007
(212) 230-8800
omar.khan@wilmerhale.com
jeffrey.dennhardt@wilmerhale.com

OF COUNSEL:
Brian A. Rosenthal (*pro hac vice*)
Benjamin Hershkowitz (*pro hac vice*)
Vivian Lu (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
(212) 351-4000

Brian Buroker (*pro hac vice*)
Wendy W. Cai (*pro hac vice*)
A. David Brzozowski (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**

7

        1050 Connecticut Avenue, N.W.
        Washington, DC 20036-5306
        (202) 955-8500

        Robert Vincent (*pro hac vice*)
        Mark Reiter (*pro hav vice*)
        **GIBSON, DUNN & CRUTCHER** LLP
        2001 Ross Avenue, Suite 2100
        Dallas, TX 75201-2923
        (214) 698-3100

        *Attorneys for Plaintiffs and*
        *Counterclaim Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 27, 2024.

                                           /s/ Brian A. Rosenthal
                                           Brian A. Rosenthal